IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | | |
|---|---|---|
| Timothy Bridges, | ) | Civil Action No.: 4:12-2864-MGL |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | **ORDER** |
| | ) | |
| Mohawk ESV, Inc., | ) | |
| | ) | |
| Defendant. | ) | |

On October 3, 2012, Plaintiff Timothy Bridges ("Plaintiff") filed this action against Mohawk ESV, Inc. ("Defendant") alleging claims against his former employer for race discrimination and retaliation in violation of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §§ 2000e *et seq*. ("Title VII").  On September 9, 2013, Defendant filed a Motion for Summary Judgment pursuant to Rule 56 of the Federal Rules of Civil Procedure.  (ECF No. 35).  Plaintiff filed a Response in Opposition on September 26, 2013, with additional attachments filed on September 30, 2013, (ECF Nos. 41 and 42), and Defendant filed a Reply on October 7, 2013.  (ECF No. 43).

In accordance with 28 U.S.C. § 636(b)(1) and Local Civil Rule 73.02 D.S.C., this employment discrimination matter was referred to United States Magistrate Judge Thomas E. Rogers for consideration of pretrial matters.  The Magistrate Judge prepared a thorough Report and Recommendation, (ECF No. 51), which recommends that Defendant's Motion for Summary Judgment be granted and that the case be dismissed.  Plaintiff filed a timely Objection to the Report, (ECF No. 53), to which Defendant replied.  (ECF No. 55).

The Magistrate Judge makes only a recommendation to this Court.  The recommendation has no presumptive weight, and the responsibility to make a final determination remains with the Court.

*See Mathews v. Weber*, 423 U.S. 261 (1976). The Court is charged with making a *de novo* determination of any portion of the Report of the Magistrate Judge to which a specific objection is made. The Court may accept, reject, or modify, in whole or in part, the recommendation made by the Magistrate Judge or recommit the matter to the Magistrate Judge with instructions. *See* 28 U.S.C. § 636(b). In the absence of a timely filed Objection, a district court need not conduct a *de novo* review, but instead must "only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005).

In light of the standards set forth above, the Court has reviewed, *de novo*, the Report and, in particular, the Plaintiff's Objection, in which Plaintiff raises two specific objections. Plaintiff objects, firstly, to the Magistrate Judge's determination that Plaintiff failed to adequately establish the fourth element of the *prima facie* case for race-based employment discrimination by failing to show that any employees outside of the protected class who engaged in conduct similar to that engaged in by Plaintiff (known as "comparators") were treated more favorably than Plaintiff. (ECF No. 53). Plaintiff also objects to the Magistrate Judge's determination that the lack of similarly situated comparators is fatal to a *prima facie* case of race discrimination. Id.

As an initial matter, Plaintiff's second objection is overruled as inadequately supported. Plaintiff lists the claim as a discreet objection, (ECF No. 53 at p.3), but fails to separately and specifically support the objection in his filing. It is true, as the Magistrate Judge sets out in the Report, that the fourth element of the *prima facie* case for race-based discrimination can, in certain unique situations, be established by facts other than the identification of similarly-situated comparators, provided that a plaintiff establishes other factual circumstances that give rise to an

inference of discrimination. See Miles v. Dell, Inc., 429 F.3d 480, 486-87 (4th Cir. 2005). However, Plaintiff has not established such alternative circumstances here.

In regards to Plaintiff's first objection, the Court concludes that the Magistrate Judge properly analyzed Plaintiff's comparator evidence in light of the applicable case law and properly concluded that Plaintiff failed to establish that any of the proffered Caucasian employees were truly "similarly-situated" to Plaintiff in that they engaged in conduct comparable in seriousness to Plaintiff's refusal to fully cooperate with the investigation of a workplace shooting. *See Lightner v. City of Wilmington*, 545 F.3d 260, 265 (4th Cir. 2008) ("[t]he similarity between comparators and the seriousness of their respective offenses must be clearly established in order to be meaningful").

Based upon all of the foregoing, the Court adopts the Magistrate Judge's Report and incorporates it herein by reference. (ECF No. 51). Defendant's Motion for Summary Judgement, (ECF No. 35), is therefore **GRANTED**, and the case is **DISMISSED**.

**IT IS SO ORDERED.**

                                              s/Mary G. Lewis
                                              United States District Judge

Spartanburg, South Carolina
June 23, 2014